UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Dmitry Pronin, | ) C/A No. 5:12-3623-DCN-KDW |
| | ) |
|           Petitioner, | ) |
| | ) |
| vs. | ) REPORT AND RECOMMENDATION |
| | ) |
| Kenneth Atkinson, | ) |
| | ) |
|           Respondent. | ) |
| | ) |

Petitioner, Dmitry Pronin ("Petitioner"), proceeding pro se and *in forma pauperis*, files this Petition for writ of habeas corpus under 28 U.S.C. § 2241. Petitioner is an inmate in the Federal Correctional Institution Edgefield ("FCI Edgefield") of the Bureau of Prisons ("BOP") in Edgefield, South Carolina. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c) (D.S.C.), the undersigned United States Magistrate Judge is authorized to review such petitions for relief and submit findings and recommendations to the district court.

I.    Background

    A.    Procedural History and Petitioner's Allegations

Petitioner files this § 2241 Petition challenging jail or prison conditions and alleging violations of his 1st, 5th, 8th, and 14th Amendment rights. Petitioner alleges that he pleaded guilty to armed robbery and illegal possession of a firearm on September 21, 2011 in the United District Court for the District of Delaware. Pet. 3, ECF No. 1. Petitioner alleges that he filed a direct appeal in which he raised the grounds of ineffective assistance of counsel. *Id.* at 4 ("Medical reasons (nervous, neurological, mental conditions[,] which could substantially influence guidelines during plea negotiations and/or sentencing, but were not used by counsel)[.]"); *see also id.* at 5. Petitioner alleges that he pursued a grievance through the prison's internal grievance process: "In one case when I did manage to get a BP8 and BP9 from correctional counselor John Bryant, the BP8 was

effectively lost by the same counselor, the BP9 was denied by warden; all my other requests for remedy forms were denied by my Unit Team." *Id.* at 7. Petitioner indicates he did not present his claim to the BOP or other federal agency for administrative action. *Id.* In explaining why he did not pursue such action, Petitioner alleges: "As my application for § 2255 Motion with supporting documents was simply thrown out, I was barred from administrative remedies by my Unit Team, and the administration here [did] not take any action, I just am afraid to give this claim to anybody of them because it would be thrown out, as the above ready, but unfiled, § 2255 motion was." *Id.*

> Petitioner alleges:
>
> (1) I was denied the opportunity to file my § 2255 post-conviction relief by Tray Johnson who unlawfully threw out my legal paperwork ready to have been filed, with possible help of Henry Wall;
> (2) I was denied access to courts also by Burkett, Jake, who left my legal paperwork in the cell after moving me, thus giving a chance to my then-cellmate to partly throw it away, spoil or alterate it; and also denied access to Court(s) by my Unit Team (Sandra K. Lathrop, Charlylin Cheek, John Bryant) who denied me remedies forms, writing paper, envelopes, stamps, etc.

Pet. 8, ECF No. 1. Plaintiff seeks the following relief:

> (1) On Count one - suspension of Tray Johnson as BOP lieutenant, $200,000 in damages; (2) On Count two–suspension of Jake Burkett as BOP senior officer, $200,000 in damages; (3) On Count Three–suspension of BOP lieutenant Tray Johnson, Officers Edward Hampton and Brandon Burkett; (4) On Count four–suspension of Officers Jake and Brandon Burketts from BOP.

*Id.* Plaintiff attaches several documents to his § 2241 Petition, including the following: an affidavit entitled "Main Affidavit" (ECF No. 1-1); an affidavit entitled "Brandon and Jake Burketts (ECF No. 1-3); an affidavit entitled "Staff Members and Unit Team" (ECF No. 1-4); an affidavit entitled "Staff Members" (ECF No. 1-5); various inmate requests (to Warden Kenneth Atkinson; Unit Team and Unit Disciplinary Committee Members of B Unit; Sandra K. Lathrop, B Unit Manager; Charlene L. Cheek, B 2 Case Manager; Mr. D. Fallen, Associate Warden of Security, FCI Edgefield); an

2

affidavit entitled "Staff Members/Health Services" (ECF No. 1-6, p. 1-13); as well as various inmate requests and medical records (ECF Nos. 1-7, 1-8). *See* Attachments, ECF No. 1-1 through 1-8.

Plaintiff also attaches a document entitled "Demand for a Jury Trial," which is addressed to Kenneth Atkinson, Eda Negron Oliver, Henri Wall, Rex Blocker, Luisa Fuertes-Rosario, Tray Johnson, John Bryant, Jake Burkett, Brandon Burkett, Patina Walton-Geer, Sandra K. Lathrop, Danile Fallen, Edward Hampton, and William Johnson. ECF No. 2. The handwritten documents are identical, refer to Petitioner as "plaintiff" and to the above-named persons as "Defendant[s]," state that Petitioner is "plaintiff in a civil case filed under § 2241 title 42 U.S.C.," and "demands jury trial on all counts of the case herein, according to the 7th Amendment to the United States Constitution and Rule 38 of Federal Civil Procedure." *See* Demand for Trial by Jury 1-14, ECF No. 2.

II.    Applicable Law

   A.    Pro Se Habeas Review

Under established local procedure in this judicial district, a careful review has been made of the pro se Petition filed in the above-captioned case. The review was conducted pursuant to the procedural provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214 ("AEDPA"), and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). This court is required to construe pro se petitions liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976)). Such pro se petitions are held to a less stringent standard than those drafted by attorneys, and a federal district court is charged with liberally construing a petition filed by a pro se litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (quoting

*Haines v. Kerner*, 404 U.S. 519, 520 (1972)); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978) (citing *Rice v. Olson*, 324 U.S. 786, 791–92 (1945); *Holiday v. Johnston*, 313 U.S. 342, 350 (1941)).

When a federal court is evaluating a pro se petition, the petitioner's allegations are assumed to be true. *Hughes*, 449 U.S. at 10 (citing *Cruz v. Beto*, 405 U.S. 319, 322 (1972)). However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Furthermore, this court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts; *see also* Rule 1(b) of Rules Governing Section 2254 Cases in the United States District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

B.     Habeas Corpus Generally

Habeas corpus proceedings are the proper mechanism for a prisoner to challenge the legality or duration of his custody. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). The primary means of attacking the validity of a federal conviction and sentence is through a motion pursuant to 28 U.S.C. § 2255, while a petition for habeas corpus under § 2241 is the proper method to challenge the computation or execution of a federal sentence. *See United States v. Little*, 392 F.3d 671, 678-79 (4th Cir. 2004); *United States v. Miller*, 871 F.2d 488, 489-90 (4th Cir. 1989) (distinguishing between attacks on the "computation and execution of the sentence [and] the sentence itself"); *Clemmons v. South Carolina*, C/A No. 0:08-607-RBH, 2008 WL 2845636, *1 (D.S.C. July 18, 2008); *Manigault v. Lamanna*, C/A No. 8:06-047-JFA-BHH, 2006 WL 1328780, at *1 (D.S.C. May 11, 2006) ("A motion pursuant to § 2241 generally challenges the execution of a federal prisoner's

4

sentence, such as parole matters, computation of sentence by prison officials, prison disciplinary actions, and prison transfers."). A petition under § 2241 must be brought against the warden of the facility where the prisoner is being held, 28 U.S.C. § 2242; *Rumsfeld v. Padilla*, 542 U.S. 434-35 (2004), and "in the district of confinement rather than in the sentencing court," *Miller*, 871 F.2d at 490.

  C. Savings Clause of § 2255

A petition attacking the validity of a federal sentence should normally be brought under 28 U.S.C. § 2255 by motion filed in the sentencing court; however, if the petitioner can satisfy the savings clause of § 2255,[1] he may pursue relief through a § 2241 habeas petition.[2] *See San-Miguel v. Dove*, 291 F.3d 257, 260-61 (4th Cir. 2002); *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000). To

---

[1] The savings clause states as follows:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).

[2] Second or successive § 2255 petitions are prohibited unless the second or successive petition is

> (h) . . . certified as provided in section 2244 by a panel of the appropriate courts of appeals to contain–
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

trigger the savings clause of § 2255(e) and proceed under § 2241, the petitioner would have to show that something more should be considered by this court than that authorized by § 2255, such as a retroactive change in the law as contemplated in *Jones*, 226 F.3d at 333-34. The test provided in *Jones* requires that (1) at the time of the conviction, settled law of the United States Court of Appeals for the Fourth Circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the petitioner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the petitioner was convicted is deemed not to be criminal; and (3) the petitioner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law. *Id.*

III.   Discussion

The Petition in this case should be summarily dismissed without prejudice. Insofar as the Petition seeks to challenge Petitioner's September 21, 2011 conviction for armed robbery and illegal possession of a firearm and his subsequent sentence in the United District Court for the District of Delaware, Petitioner's claims are cognizable only through a motion filed pursuant to 28 U.S.C. § 2255 in the sentencing court, not through a petition filed pursuant to 28 U.S.C. § 2241 in this court. "[I]t is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." *Rice v. Rivera*, 617 F.3d 802, 805 (4th Cir. 2010) (citing *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc)). The *In re Jones* court found that, if the circumstances in which a petitioner finds himself satisfy all three prongs of the test outlined above, then resort may be had to § 2241 to raise a claim because the § 2255 remedy would be deemed inadequate or ineffective. *In re Jones*, 226 F.3d at 334. Petitioner's allegations do not satisfy the *In re Jones* test. In the instant case, Petitioner has not been precluded from asserting his sentencing claims under § 2255. The undersigned takes judicial notice of the fact that Petitioner has

6

filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct his Sentence, dated December 26, 2012 and docketed on January 2, 2013, in his criminal case, *United States v. Pronin*, No. 1:11-cr-00033-LPS (D. Del.), in the United States District Court for the District of Delaware, which is presently pending.  *See* No. 11-cr-33, ECF No. 27 (D. Del.).[3]

Insofar as the Petition raises claims relating to Petitioner's conditions of confinement, such claims are not cognizable in a habeas action, but, instead, should be brought before the court by way of a civil rights or other more general civil complaint.  As noted above, whether filed by a state prisoner or federal prisoner, a petition for writ of habeas corpus under 28 U.S.C. § 2241 has been resorted to only in limited situations, such as actions challenging the administration of parole, *Doganiere v. United States*, 914 F.2d 165, 169-70 (9th Cir. 1990); computation of good time or jail time credits, *McClain v. U. S. Bureau of Prisons*, 9 F.3d 503, 504-05 (6th Cir. 1993); prison disciplinary actions, *United States v. Harris*, 12 F.3d 735, 736 (7th Cir. 1994); imprisonment allegedly beyond the expiration of a sentence, *Atehortua v. Kindt*, 951 F.2d 126, 129-30 (7th Cir. 1991); or unsuccessful attempts to overturn federal convictions, *San-Miguel v. Dove*, 291 F.3d 257 (4th Cir. 2002).  Monetary damages are not an available remedy in a habeas corpus action.  *See Heck v. Humphrey*, 512 U.S. 477, 481-82  (1994); *McKinney-Bey v. Hawk-Sawyer*, 69 F. App'x 113, 113 (4th Cir. 2003).  Because the allegations raised by Petitioner in this case appear to be made in an attempt by a federal prisoner to state either civil rights and/or tort-based personal injury claims seeking monetary damages and injunctive relief from federal prison employees/officials, they are not appropriate for a habeas case filed pursuant to § 2241.  Moreover, the undersigned takes judicial

---

[3] *See United States v. Parker*, 956 F.2d 169, 171 (8th Cir. 1992) (noting district court had the right to take judicial notice of a prior related proceeding); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

7

notice of the fact that Petitioner has previously filed a civil action in this court, in *Pronin v. Johnson, et al.*, C/A No. 5:12-3416-DCN-KDW (D.S.C.), on December 3, 2012, in which he alleges unconstitutional prison conditions and violations of his 1st, 5th, 8th, and 14th Amendment rights, involving the same facts alleged in the instant Petition.[4] The instant Petition's claims are duplicative of the claims in C/A No. 12-3416, and this court should not entertain separate actions, involving virtually identical claims filed by Petitioner.

IV.     Conclusion

For the foregoing reasons, the undersigned recommends that the instant Petition be dismissed without prejudice and without requiring Respondent to file a return.

IT IS SO RECOMMENDED.

*[signature]*

April 30, 2013                                          Kaymani D. West
Florence, South Carolina                                United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

---

[4] *See Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970) ("The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time. Once was sufficient.").

8

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Larry W. Propes, Clerk**
> **United States District Court**
> **Post Office Box 2317**
> **Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).